**EXHIBIT "A" TO ORDER SETTING PROCEDURE FOR SHORT FORM AMENDMENT OF COMPLAINTS AND INCORPORATION BY REFERENCE OF MATERIALS UNDER SEAL**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) | **MDL 2804** |
| | ) | **Case No. 1:17-md-2804** |
| **THIS DOCUMENT RELATES TO:** | ) | **Judge Dan Aaron Polster** |
| ***All Cases Not Designated In Paragraphs 2 or 3 of CMO-1*** | ) | **SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND** |

Plaintiff submits this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, if indicated below, the common factual allegations identified and the RICO causes of action included in the Corrected Second Amended Complaint and Jury Demand in the case of *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.,* Case No. 1:18-op-45090 ("*Summit County* Pleadings"), *In Re National Prescription Opiate Litigation,* in the United States District Court for the Northern District of Ohio, Doc. ##: 513, 514,[1] and as may be amended in the future, and any additional claims asserted herein. Plaintiff also hereby amends its complaint to alter the defendants against which claims are asserted as identified below. To the extent defendants were previously sued in plaintiff(s)' existing complaint and they are no longer identified as defendants herein, they have been dismissed without prejudice except as limited by CMO-1, Section 6(e). Doc. #: 232.

[1] Docket #: 513 is the redacted Summit Second Amended Complaint and Docket #: 514 is the unredacted Summit Corrected Second Amended Complaint filed under seal in Case No. 1:17-md-02804-DAP. The redacted Summit Corrected Second Amended Complaint is also filed in its individual docket, Case No. 1:18-op-45090-DAP, Docket #: 24.

**EXHIBIT "A" TO ORDER SETTING PROCEDURE FOR SHORT FORM AMENDMENT OF COMPLAINTS AND INCORPORATION BY REFERENCE OF MATERIALS UNDER SEAL**

## INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

1. Plaintiff(s)' Existing Complaint (No. 1:19-OP-46169, Doc. #: 4 ) is expressly incorporated by reference to this Short Form as if fully set forth herein except to the extent that allegations regarding certain defendants that are not listed in section 2 below are dismissed without prejudice.

## PARTIES – DEFENDANTS

2. Having reviewed the relevant ARCOS data, Plaintiff asserts claims against the following Defendants:

[List all Defendants against which claims are asserted. To the extent a claim is not asserted against a particular defendant, so indicate below. Otherwise each claim will be deemed to be asserted against all Defendants (except for the RICO claims identified below). If Defendants have not been sued previously in Plaintiff(s)' Existing Complaint, Plaintiff must include separate factual allegations below in support of each new defendant and must separately serve each newly named Defendant with notification of the specific ARCOS data that Plaintiffs claim supports the addition of this Defendant pursuant to the Court's Order Setting Procedure for Short Form Amendment of Complaints and Incorporation by Reference of Materials Under Seal]

Please see Attachment A.

**I, Rebecca Fonseca, Counsel for Plaintiff(s), certify that in identifying all Defendants, I have followed the procedure approved by the Court and reviewed the ARCOS data that I understand to be relevant to Plaintiff(s).**

**I further certify that, except as set forth below, each of the Defendant(s) newly added herein appears in the ARCOS data I reviewed.**

**I understand that for each newly added Defendant not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly named Defendant that does not appear in the ARCOS data.**

**EXHIBIT "A" TO ORDER SETTING PROCEDURE FOR SHORT FORM AMENDMENT OF COMPLAINTS AND INCORPORATION BY REFERENCE OF MATERIALS UNDER SEAL**

**The following newly added Defendant(s) *do not appear* in the ARCOS data I reviewed:**

Teva Pharmaceutical Industries, Ltd.; Allergan plc f/k/a Actavis plc f/k/a Allergan, Inc.; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Allergan Sales, LLC; Allergan USA, Inc.; Watson Laboratories, Inc.; Warner Chilcott Company, LLC; Actavis Elizabeth LLC; Actavis Mid Atlantic LLC; Actavis LLC; Actavis Kadian LLC; Actavis Laboratories UT, Inc., f/k/a Watson Laboratories, Inc.-Salt Lake City; Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida

**Dated:** 3/9/2020 **Signed:** Rebecca Fonseca

Factual Allegations Regarding Individual Defendants

2.1 Please see Attachment A.

2.2 ______

## COMMON FACTUAL ALLEGATIONS

3. By checking the boxes in this section, Plaintiff hereby incorporates by reference to this document the common factual allegations set forth in the *Summit County* Pleadings as identified in the Court's Order implementing the Short Form procedure. Doc. #: 514, 1282.

☐ Common Factual Allegations (Paragraphs 130 through 670 and 746 through 813)

☐ RICO Marketing Enterprise Common Factual Allegations (Paragraphs 814-848)

☐ RICO Supply Chain Enterprise Common Factual Allegations (Paragraphs 849-877)

4. If additional claims are alleged below that were not pled in Plaintiff's Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here. Plaintiff(s) assert(s) the following additional facts to support the claim(s) identified in Paragraph 6 below (below or attached):

## CLAIMS

5. The following federal **RICO causes of action** asserted in the *Summit County* Pleadings as identified in the Court's implementing order and any subsequent amendments,

**EXHIBIT "A" TO ORDER SETTING PROCEDURE FOR SHORT FORM AMENDMENT OF COMPLAINTS AND INCORPORATION BY REFERENCE OF MATERIALS UNDER SEAL**

Doc. #: _____, are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiff(s)'s Existing Complaint (check all that apply):

☐ First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (*Summit County* Pleadings, Paragraphs 878-905)

☐ Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Summit County* Pleadings, Paragraphs 906-938)

6. Plaintiff asserts the following **additional claims** as indicated (below or attached):

The County is filing this "Short Form" consistent with the MDL court's orders and without prejudice to the County's right to pursue remand of this case to state court. The County expressly maintains that there is no basis for federal jurisdiction over this matter.

7. To the extent Plaintiff(s) wish(es) to **dismiss claims** previously asserted in Plaintiff(s)'s Existing Complaint, they are identified below and will be dismissed without prejudice.

_____________________________________________

_____________________________________________

_____________________________________________

_____________________________________________

WHEREFORE, Plaintiff(s) prays for relief as set forth in the *Summit County* Pleadings in *In Re National Prescription Opiate Litigation* in the United States District Court for the Northern District of Ohio, MDL No. 2804 and in Plaintiff's Existing Complaint as has been amended herein.

Dated: 3/9/2020 Rebecca Fonseca

*Attorney for Plaintiff(s)*

**Attachment A – to Short Form For Supplementing Complaint and Amending Defendants and Jury Demand (Howard County, MD)**

Paragraph 2:

The following defendants are named in this action:

Purdue Pharma L.P.; Purdue Pharma, Inc.; The Purdue Frederick Company Inc.[1]; Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals, Inc.; Allergan plc f/k/a Actavis plc f/k/a Allergan, Inc.; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Allergan Sales, LLC; Allergan USA, Inc.; Watson Laboratories, Inc.; Warner Chilcott Company, LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Actavis South Atlantic LLC; Actavis Elizabeth LLC; Actavis Mid Atlantic LLC; Actavis Totowa LLC; Actavis LLC; Actavis Kadian LLC; Actavis Laboratories UT, Inc., f/k/a Watson Laboratories, Inc.-Salt Lake City; Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida; Insys Therapeutics;[2] John N. Kapoor; Cardinal Health, Inc.; Mallinckrodt plc; Mallinckrodt, LLC; SpecGx LLC; Mallinckrodt Brand Pharmaceuticals, Inc.; McKesson Corporation; AmerisourceBergen Drug Corporation; Rite Aid Corporation; Rite Aid of Maryland Inc.; and Maryland CVS Pharmacy, LLC.

Jurisdictional Allegations:

The County is filing this "Short Form" consistent with the MDL court's orders and without prejudice to the County's right to pursue remand of this case to state court. The County expressly maintains that there is no basis for federal jurisdiction over this matter.

[1] Purdue Pharma, L.P., Purdue Pharma, Inc., and The Purdue Frederick Company, Inc. (collectively, "Purdue") were named in the existing complaint. Plaintiff recognizes that these claims are stayed due to bankruptcy proceedings and is not attempting to take any further action concerning Purdue by virtue of filing this Short Form. The County does not intend to serve Purdue with this Short Form in light of the stay and mentions Purdue here only due to the instructions calling for a list of defendants in the case.

[2] Insys Therapeutics ("Insys") was named in the existing complaint. Plaintiff recognizes that these claims are stayed due to bankruptcy proceedings and is not attempting to take any further action concerning Insys by virtue of filing this Short Form. The County does not intend to serve Insys with this Short form in light of the stay and mentions Insys here only due to the instructions calling for a list of defendants in the case.

Defendants are subject to personal jurisdiction in this Court, and venue is proper because the cause of action arose in Howard County and because a party to the action is located in Howard County. *See* Md. Code Ann., Cts. & Jud. Proc. § 6-103. Defendants have purposefully directed their actions towards Maryland and/or have the requisite minimum contacts with Maryland to satisfy any statutory or constitutional requirements for personal jurisdiction.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in Howard County. Venue is also proper under 18 U.S.C. § 1965(a) because Defendants reside, are found, have agents, or transact their affairs in Maryland.

Allegations Specific to Defendants Appearing the in the ARCOS Data:

Distributors:

Maryland CVS Pharmacy, LLC is a Maryland corporation with its principal place of business in Lutherville Timonium, Maryland.

Paragraph 2.1:

*The following paragraphs are included to address particular entities that did not appear as the labelers or reporters in the ARCOS data. Although certain of the entities below are also understood to be the labelers for opioids shipped into the jurisdiction, they are identified here as well for clarity, to help explain the relationship to the other defendants.*

Teva:

Teva Pharmaceutical Industries Ltd. is a defendant in the *Summit County* action and common factual allegations are incorporated by reference. In addition, Plaintiff states that Teva Pharmaceuticals USA, Inc. ("Teva USA") is a Delaware corporation with its principal place of business in North Wales, Pennsylvania. Teva USA acquired Cephalon, Inc. in October 2011. Cephalon, Inc. ("Cephalon") is a Delaware corporation with its principal place of business in Frazer, Pennsylvania. Teva USA and Cephalon work together closely to market and sell

Cephalon products. Teva USA also sells generic opioids in the United States, including generic opioids previously sold by Allergan plc, whose generics business Teva Pharmaceutical Industries Ltd., Teva USA's parent company based in Israel, acquired in August 2016. Teva Pharmaceutical Industries Ltd., Teva Pharmaceuticals USA, Inc., and Cephalon are collectively referred to as "Teva."

Teva manufactures, promotes, sells, and distributes opioids such as Actiq, a fentanyl lollipop, and Fentora, a dissolving pill throughout the United States. Actiq and Fentora have been approved by the U.S. Food and Drug Administration ("FDA") only for the "management of breakthrough cancer pain in patients 16 years of age and older who are already receiving and who are tolerant to opioid therapy for their underlying persistent cancer pain." In 2008, Cephalon pled guilty to a criminal violation of the Federal Food, Drug and Cosmetic Act for its misleading promotion of Actiq and two other drugs and agreed to pay $425 million.

The close connection between Teva Ltd. and its U.S. subsidiaries, as well as the blurred distinction between them, is shown in Teva's websites. For example, on Teva USA's website is a page entitled "Teva Pharmaceutical Industries Limited," on a page labeled "intended for US residents only," which includes the following: "Teva improves health in the US every day, every minute, every second. One in every six prescriptions dispensed in the US is a Teva product. Approximately 22 prescriptions in the US are filled by Teva products every second.…Teva is the world's largest maker of generic pharmaceutical products."[3] Teva Ltd.'s financial reports list Cephalon's and Teva USA's sales as its own, and its year-end report for 2012 attributed a 22% increase in its specialty medicine sales to "the inclusion of a full year of Cephalon's specialty sales

[3] https://www.tevausa.com/Company.aspx

. . . ."[4] The United States is the largest of Teva Ltd.'s global markets, and it represents nearly half of its total revenue.[5]

Other publicly available information demonstrates Teva Ltd.'s control over Cephalon's operations. For example, immediately after acquiring Cephalon, Teva Ltd. caused Cephalon to increase its product prices up to twenty-five percent.[6] The two companies combined sales forces,[7] product pipelines, and research and development efforts.[8]

Actavis:

Allergan PLC is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland. Actavis PLC acquired Allergan PLC in March 2015, and the combined company changed its name to Allergan PLC in January 2013. Defendant Actavis, Inc. was acquired by Watson Pharmaceuticals, Inc. in October 2012, and the combined company changed its name to Actavis, Inc. as of January 2013 and then Actavis PLC in October 2013. Watson Laboratories, Inc. is a Nevada corporation with its principal place of business in Corona, California, and is a wholly owned subsidiary of Allergan PLC (Allergan Finance, LLC, f/k/a Actavis, Inc., f/k/a Watson Pharmaceuticals, Inc.). Actavis Pharma, Inc. is a Delaware corporation

---

[4] Teva Pharmaceutical Industries Ltd. Annual Report (Form 20-F) (Feb. 12, 2013) at 62.

[5] *Ibid*. at 62-64.

[6] Tracy Staton, *Teva jacks up prices on Cephalon legacy brands* (Dec. 7, 2011), http://www.fiercepharma.com/story/teva-jacks-prices-cephalon-legacy-brands/2011-12-07.

[7] *NASDAQ OMX 27th Investor Program Conference Call*, Teva Pharm. Indus. Ltd. (Dec. 6, 2011, 5:15 AM), http://seekingalpha.com/article/315684-teva-pharmaceuticals-management-presents-at-nasdaq-omx-27th-investor-program-transcript?page=4.

[8] *See generally*, *Teva Pharmaceuticals Industries' Management Presents at Citi Global Health Care Conference (Transcript)* (Mar. 8, 2012), http://seekingalpha.com/article/419471-tevapharmaceutical-industries-management-presents-at-citi-global-health-care-conferencetranscript?page=1.

with its principal place of business in New Jersey and was formerly known as Watson Pharma, Inc. Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. Actavis Totowa LLC is a Delaware corporation with its principal place of business in Little Falls, New Jersey. Allergan, Inc. is a Delaware corporation with its principal place of business in Irvine, California. Actavis South Atlantic LLC is a Delaware corporation with its principal place of business in Morristown, New Jersey. Actavis Kadian, LLC is a Delaware corporation with its principal place of business in Sunrise, Florida. Actavis Elizabeth LLC is a Delaware corporation with its principal place of business in Elizabeth, New Jersey. Each of these defendants and entities is owned by Allergan PLC, which uses them to market and sell its drugs in the United States. Collectively, these defendants and entities, and their DEA registrant subsidiaries and affiliates that manufacture, promote, distribute, and sell prescription opioids, are referred to as "Actavis." The term "Actavis" shall be understood to incorporate all affiliates that owned, manufactured, distributed, monitored, or sold opioid medicines at issue, including: Allergan Finance, LLC; Allergan Sales, LLC; Allergan USA, Inc.; Warner Chilcott Company, LLC; Actavis Mid Atlantic LLC; Actavis Laboratories UT, Inc.; and Actavis Laboratories FL, Inc.[9]

Actavis manufactures or has manufactured the following drugs as well as generic[10] versions of Kadian, Duragesic, and Opana in the United States:

---

[9] Allergan Finance, LLC is a Nevada corporation with its principal place of business in New Jersey. Allergan Sales, LLC is a Delaware corporation with its principal place of business in California. Allergan USA, Inc. is a Delaware corporation with its principal place of business in New Jersey. Warner Chilcott Company, LLC is a Puerto Rico corporation with its principal place of business in Puerto Rico. Actavis Pharma, Inc. is a Delaware corporation with its principal place of business in New Jersey. Actavis Mid Atlantic LLC is a Delaware corporation with its principal place of business in Delaware. Actavis Laboratories UT, Inc. is a Delaware corporation with its principal place of business in Utah. Actavis Laboratories FL, Inc. is a Florida corporation with its principal place of business in Florida.

[10] In August 2016 Actavis' global generics business was acquired by Teva Pharmaceutical Industries Ltd. Allergan plc, Annual Report (Form 10-K), 3 (Feb. 16, 2018)

| **Product Name** | **Chemical Name** | **Schedule** |
|---|---|---|
| Kadian | Morphine sulfate, extended release | Schedule II |
| Norco | Hydrocodone bitartate and acetaminophen | Schedule II |

Actavis publicly proclaims that its network of brands "markets" a portfolio of drugs – including Kadian – and "is focused on developing, manufacturing, and commercializing innovative branded pharmaceuticals."[11] Actavis' website also shows that it engages in a top-down marketing approach across its "global footprint." Actavis promotes itself as committed to a four-part "social contract" with its patients, one of the four pillars of which is "education" – i.e., its "commit[ment] to appropriately educating physicians about our medicines so that they can be used in the right patients for the right conditions."[12] In a 2016 blog post, Allergan's CEO described this activity not as anything new, but as part of an "ongoing effort." *Id.*

The transaction that created Actavis plc converted each share of Actavis Inc.'s Class A common shares into one Actavis plc Ordinary Share. *See City of Chicago v. Purdue Pharma L.P.*, et al. (N.D. Ill. 2015), No. 14-4361, 2015 WL 2208423, at *7. Actavis Inc. and Actavis plc had the same corporate headquarters both before and after the merger; Actavis plc had the same website as Actavis Inc.; and, Actavis plc maintained all of Actavis Inc.'s officers in the same positions. *See id.* Actavis plc's SEC filings explained that "references throughout to 'we,' 'our,' 'us,' the 'Company' or 'Actavis' refer interchangeably to Watson Pharmaceuticals, Inc., Actavis, Inc., and

---

https://www.sec.gov/Archives/edgar/data/1578845/000156459018002345/agn-10k_20171231.htm.

11 *Actavis Completes Allergan Acquisition*, https://www.allergan.com/news/news/thomson-reuters/actavis-completes-allergan-acquisition

12 Our Social Contract with Patients, https://www.allergan.com/news/ceo-blog/september-2016/our-social-contract-with-patients

Actavis plc depending on the date." *See City of Chicago v. Purdue Pharma L.P.*, et al. (N.D. Ill. 2015), No. 14-4361, 2015 WL 2208423, at *7.